UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHOGANY LOVETTE,
Plaintiff,

v.

CCFI COMPANIES, LLC,
Defendant.

Case No. 3:25-cv-10311-JSC

**ORDER RE: MOTION TO COMPEL ARBITRATION FOLLOWING BENCH TRIAL**

Re: Dkt. No. 78

Mahogany Lovette brings this putative class action alleging her employer, CCFI Companies, LLC ("CCFI"), violated California wage and hour laws. (Dkt. No. 4-1.)[1] The Court previously determined there was a genuine dispute as to whether Plaintiff and CCFI entered into an arbitration agreement and so, pursuant to *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667 (9th Cir. 2021), ordered a trial on the contract formation question. (Dkt No. 75 at 11); *see Hansen*, 1 F.4th at 670 ("[I]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." (quoting 9 U.S.C. § 4)). The parties thereafter stipulated to limited discovery and a bench trial on the contract formation question. (Dkt. No. 76.) The Court held a bench trial on October 28, 2026. This Order constitutes the findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a)(1). FED. R. CIV. P. 52(a)(1) ("In any action tried on the facts without a jury . . ., the court must find the facts specially and state its conclusions of law separately.").

**DISCUSSION**

Under California law "the burden is on [CCFI] as the party seeking arbitration to show that

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

it provided notice of [the arbitration agreement] and that there was mutual assent to the contractual agreement to arbitrate." *See Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1099 (9th Cir. 2023) (citing *Victoria v. Super. Ct.*, 40 Cal.3d 734, 743 (1985)). "[A]n electronic signature has the same legal effect as a handwritten signature." *Ruiz v. Moss Bros. Auto Grp., Inc.*, 232 Cal. App. 4th 836, 843 (2014) (citing Cal. Civ. Code § 1633.7). Electronic signatures may be authenticated through evidence it was "the act of the person" who purportedly signed it, which may be done "in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." CAL. CIV. CODE § 1633.9(a).

CCFI has met its burden of proving by a preponderance of the evidence Plaintiff entered into an arbitration agreement on August 24, 2021. The record includes an employment agreement that contains the arbitration agreement and that reflects it was electronically signed by Ms. Lovette on August 24, 2021 at 5:04 p.m. (Trial Ex. 24.) The Court finds Ms. Lovette personally clicked the box to sign the agreement. First, she admits to electronically inputting her bank account information into the direct deposit document around the same time. (Trial Ex. 17.) It is implausible that she electronically completed the direct deposit form at 5:04 pm, but that someone else electronically completed her employment agreement at around the same time. Second, she does not deny electronically signing the agreement; instead, she truthfully testified she does not remember. But not remembering whether she signed does not dispute the document with her electronic signature. *See Gonzalez v. Peak California Rest. Grp., LLC*, 831 F. Supp. 3d 871, 879 (N.D. Cal. 2026) ("Not recalling an event is not evidence that the event did not occur, and courts have consistently rejected the notion that an employee's failure to recall signing an agreement establishes lack of an agreement.") (citing cases); *Daniel v. Fairway Indep. Mortg. Corp.*, No. 25-cv-10994-JSC, 2026 WL 1076002, at *3 (N.D. Cal. Apr. 20, 2026) ("But Plaintiff's testimony she does not remember being asked to sign the Arbitration Agreement does not dispute the evidence she signed the Arbitration Agreement."). And, even if it did, the evidence as to Ms. Lovette digitally entering information into other onboarding documents around the same time, (*e.g.*, Trial Ex. 17; Trial Ex. 10), strongly supports the finding she signed the document. Third, she admits to

signing a document by hand just four days later which recited, just above her signature, the existence of the Employment Agreement. (Trial Ex. 31.) Finally, the Court finds Ms. Espinoza's testimony as to her receipt of Ms. Lovette's Employment Agreement, her subsequent electronic signature, and the progression of Ms. Lovette's onboarding to be credible.

## CONCLUSION

Defendant has met its burden of proving by a preponderance of the evidence that Plaintiff entered into an arbitration agreement with Defendant. The Court will address the remaining issues on Defendant's motion to compel arbitration by separate order.

**IT IS SO ORDERED.**

Dated: October 28, 2026

JACQUELINE SCOTT CORLEY
United States District Judge