UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHOGANY LOVETTE,
Plaintiff,

v.

CCFI COMPANIES LLC,
Defendant.

Case No. 3:23-cv-03755-JSC

**ORDER RE: SECOND MOTION TO COMPEL ARBITRATION**

Re: Dkt. Nos. 59, 67

Mahogany Lovette brings a wage and hour putative class action against CCFI Companies, LLC ("CCFI"), arising from her store manager work for Defendant from October 2021 through April 2022. CCFI now moves to compel arbitration according to the terms of an arbitration agreement Ms. Lovette signed in August 2021 when she commenced her employment with a company CCFI subsequently purchased. (Dkt. No. 59.)[1] After holding a bench trial on contract formation, the Court found Ms. Lovette agreed to the August 2021 arbitration agreement. (Dkt. No. 93.) Ms. Lovette nonetheless contends the arbitration agreement is unenforceable. After carefully considering the parties' written submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS CCFI's motion to compel arbitration. Ms. Lovette has not met her burden of showing the 2021 arbitration agreement is unenforceable.

**BACKGROUND**

Ms. Lovette asserts various claims under the California Labor Code and unfair business practices laws stemming from CCFI's failure to pay overtime compensation, provide meal periods, authorize and permit rest periods, pay minimum wage, pay timely wages, provide

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

accurate wage statements, maintain accurate time and payroll records, and reimburse necessary business-related expenses. (Dkt. No. 4-1 ¶ 1.)

In August 2021, Ms. Lovette began working for Check Into Cash of California, Inc. ("Check Into Cash"). (Dkt. No. 41-1 ¶ 5; Dkt. No. 35-2 ¶ 5.) After giving the parties the opportunity to conduct discovery and holding a bench trial, the Court found that on August 24, 2021, at 5:04 p.m, Ms. Lovette clicked her assent to Check Into Cash's Employment Agreement, which included an arbitration agreement. (Dkt. No. 35-2 at 6-10, ¶ 8; Dkt. No. 93 at 2.) In particular, Paragraph 9 of the Employment Agreement, entitled "Settlement by Arbitration," provides for arbitration of all covered claims. (Dkt. No. 59-3 at 5.) So, CCFI seeks to compel arbitration of Ms. Lovette's claims. (Dkt. No. 67.)

**DISCUSSION**

The Federal Arbitration Act ("FAA") provides arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for revocation of any contract." 9 U.S.C. § 2. Under the FAA, "arbitration agreements [are] on an equal footing with other contracts," and therefore courts must "enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (internal citations omitted). A party may petition a court to compel "arbitration [to] proceed in the manner provided for in such agreement." 9 U.S.C. § 4. A court must compel arbitration should it determine: (1) a valid arbitration agreement exists; and (2) "the agreement encompasses the dispute at issue." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) (internal citation omitted). CCFI, as the party moving to compel arbitration, bears the burden of establishing the existence of a valid arbitration agreement. *See Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). Following an October 28, 2026 bench trial, the Court found Defendant met its burden of proving Ms. Lovette had agreed to the August 2021 Employment Agreement, including the Settlement by Arbitration provisions. (Dkt. No. 93.)

Ms. Lovette, as the party asserting unconscionability as a defense to enforcement of the Settlement by Arbitration agreement, bears the burden of proving unconscionability. *See Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1089 (9th Cir. 2024).

> Unconscionability has both a procedural and a substantive element. Both procedural and substantive unconscionability must be shown for the defense to be established, but they need not be present in the same degree. The more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to conclude that the term is unenforceable. Conversely, the higher the degree of procedural unconscionability, the less substantive unfairness is required. The overarching question in all unconscionability cases is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement.

*Id.* (cleaned up).

## I. PROCEDURAL UNCONSCIONABILITY

Ms. Lovette's procedural unconscionability argument is premised almost entirely on her contention she did not sign nor ever see the Employment Agreement containing the Settlement by Arbitration provision. (*See* Dkt. No. 66 at 21-22.) But the Court found otherwise following the bench trial. (Dkt. No. 93 at 2.) And she does not and cannot contend the Settlement by Arbitration provision is a contract of adhesion as the Employment Agreement gave her 30 days to opt out of the arbitration requirement. (*See* Dkt. No. 59-3 at 7); *see also Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199-1200 (9th Cir. 2002) (giving 30-day period to opt out of an arbitration agreement means plaintiff "was not presented with a contract of adhesion"); *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) (same).

Ms. Lovette also alludes to the Settlement by Arbitration agreement not attaching the rules governing arbitration such that an employee would have to search for the rules to review them. The Settlement by Arbitration Agreement provides:

> Unless Employee and the Company otherwise agree, the American Arbitration Association ("AAA") shall administer the arbitration and the hearing shall take place in the county in which the dispute arose. The Employment Arbitration Rules and Mediation Procedures ("AAA rules"), or the extent the rules conflict with this Agreement, the provisions of the Agreement shall apply. Employee may obtain a copy of the AAA rules before signing this Agreement at www.adr.org, by contacting the AAA directly (toll-free 800-778-7879), or by contacting Human Resources at 888-283-0311.

(Dkt. No. 59-3 at 6-7.) While the Employment Agreement told Ms. Lovette how to obtain a copy of the AAA rules, including how to obtain a copy from Human Resources, it did not attach an actual copy of the rules to the Settlement by Arbitration Agreement. This failure, however, does

not render the Agreement procedurally unconscionable. In *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237 (2016), the arbitration agreement, like the agreement here, was governed by the AAA rules but the rules were not attached to the arbitration agreement. *Id.* at 1246. The plaintiff argued this failure made the contract of adhesion even more procedurally unconscionable and thus, based on California's sliding scale, warranted more scrutiny of the purportedly substantively unconscionable provisions. *Id.* The California Supreme Court disagreed. Instead, it held:

> [The plaintiff's] argument [] might have force if her unconscionability challenge concerned some element of the AAA rules of which she had been unaware when she signed the arbitration agreement. But her challenge to the enforcement of the agreement has nothing to do with the AAA rules; her challenge concerns only matters that were clearly delineated in the agreement she signed. [The defendant's] failure to attach the AAA rules therefore does not affect our consideration of [the plaintiff's] claims of substantive unconscionability.

*Id.* So, too, here. Ms. Lovette does not challenge any AAA rules as unfair. Instead, because her substantive unconscionability challenges all go to provisions spelled out in her Employment Agreement, the failure to attach the AAA rules to the Settlement by Arbitration Agreement does not render it procedurally unconscionable. *See Frank v. Tesla, Inc.,* No. 25-4168, 2026 WL 1195740, at *1 (9th Cir. May 1, 2026) (holding the defendant's failure to attach the JAMS arbitration rules to the employment contract did not render the agreement unconscionable because the plaintiff did not argue any of the JAMS rules were unconscionable (citing *Baltazar*, 62 Cal. 4th at 1245-46)).

## II. SUBSTANTIVE UNCONSCIONABILITY

Ms. Lovette challenges three Settlement by Arbitration Agreement provisions as substantively unconscionable.

### A. Permanent Injunctive Relief

First, Ms. Lovette laments the Settlement by Arbitration Agreement grants only CCFI the right to obtain injunctive relief. The Settlement by Arbitration Agreement provides that "if an arbitration award would be rendered ineffectual without provisional relief including, but not limited to, preliminary injunctions or temporary restraining orders, ***either party*** may request such relief from a court of competent jurisdiction to preserve the status quo pending arbitration." (Dkt.

No. 59-3 ¶ 9(d) at 7.) So, either party has the right to go to court to obtain provisional relief to maintain the status quo. But, Paragraph 8 of the Employment Agreement, entitled "Injunctive Relief," provides CCFI may also go to court to seek "temporary and permanent injunctive relief" to restrain the employee's future violations of the Employment Agreement. (*Id.* ¶ 8 at 5.)[2] So, the Agreement is not mutual because CCFI, and only CCFI, has the right to go to court to obtain a court order restraining violations of the Employment Agreement. Citing *Rondero*, Ms. Lovette insists this one-sided availability of permanent injunctive relief renders the Settlement by Arbitration Agreement substantively unconscionable. (Dkt. No. 66 at 23-24.)[3]

CCFI responds the injunctive relief "carve out here is narrowly limited to the protection of trade secrets and confidential information." (Dkt. No. 68 at 16.) There are two flaws with this argument. First, the Employment Agreement does not have trade secret or confidentiality limitations; instead, it limits the employee's solicitation of co-workers and sharing inventions. (*See* Dkt. No. 59-3 ¶¶ 4, 7.) Second, in *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006), the Ninth Circuit held "California courts routinely have rejected this [proprietary information] justification as a legitimate basis for allowing only one party to an agreement access to the courts for provisional relief." *Id.* at 1287; *see also Ronderos,* 114 F.4th at 1098 (same). CCFI offers no business justification for why the right to seek court-ordered permanent injunctive relief cannot be mutual and this lack of justification is especially glaring given the Settlement by Arbitration Agreement provides for mutual court-ordered provisional injunctive relief.

That said, unlike the agreements at issue in *Nagrampa* and *Ronderos*, the Settlement by Arbitration agreement does offer mutuality of *preliminary* injunctive relief. *Compare Nagrampa*,

---

[2] Paragraph 8 incorrectly states this employer carve out is "the only exception to the arbitration provision set forth in the Settlement by Arbitration Paragraph herein." (Dkt. No. 59-3 at ¶ 8 at 5.) But, as explained, paragraph 9 says either party may go to court to obtain provisional injunctive relief if needed to protect a future arbitration award. (*Id.* ¶ 9(d) at 7.) So, the employer carve out is *not* the only exception.

[3] Both parties assume that there is mutuality of non-arbitration *provisional* injunctive relief. (*See* Dkt. No. 66 ("'[E]ither party' may seek a preliminary injunction or temporary restraining order . . . ."); Dkt. No. 68 at 16 ("While the [Agreement] allows both parties to seek preliminary injunctions or Temporary Restraining Orders . . . .").) The parties thus seem to agree that injunctive relief to maintain the status quo under Paragraph 9(d) is equivalent to injunctive relief to restrain "further violations" of the Employment Agreement under Paragraph 8. Thus, the only dispute between the parties is over the non-mutuality of *permanent* injunctive relief.

469 F.3d at 1287; *Ronderos*, 114 F.4th at 1196 *with* (Dkt. No. 59-3 ¶ 9(d) at 7.) And, both parties would still be bound by the outcome of the arbitration process, including permanent injunctive relief. (*See* Dkt. No. 59-3 ¶ 9(f) at 7.) Neither party even identifies a scenario in which permanent injunctive relief from a court would supplant the arbitration process. So, at most, the non-mutuality of permanent injunctive relief forums is moderately substantively unconscionable.

**B. Administrative Agency Relief**

Next, Ms. Lovette complains the Settlement by Arbitration provision prohibits her from obtaining any administrative agency monetary relief. The Settlement by Arbitration Agreement provides:

> The Arbitration Agreement does not limit any government agency's jurisdiction over a petition/charge; however, unless otherwise provided by law, ***Employee shall not be entitled to receive any monetary compensation as a result of any proceeding arising from the filing of any such*** petition/charge and/or participating in an investigation resulting from the filing of a petition/charge with the government agency.

(Dkt. No. 59-3 ¶ 9(b) at 6 (emphasis added).) In *Hasty v. Am. Auto. Assn.*, 98 Cal. App. 5th 1041 (2023), the court held "[a] waiver of administrative remedies and relief, hidden in an arbitration agreement, is overly harsh and shocks the conscience." *Id.* at 1060. So, argues Ms. Lovette, the provision is substantively unconscionable.

CCFI insists the provision is not substantively unconscionable because it is not a blanket prohibition on *all* administrative agency remedies, only monetary compensation. (Dkt. No. 68 at 17.) And, it contends, the Settlement by Arbitration Agreement "guarantees the employee access to every monetary remedy in arbitration that would have been available in court or before the agency." (Dkt. No. 68 at 18.) But, to support its contention the Agreement allows the employee to recover administrative agency monetary relief in arbitration, it relies on AAA rules that provide "[t]he arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs[.]" (*Id.* at 17 (quoting AM. ARB. ASS'N., EMP. ARB. RULES & MEDIATION PROCS. 21 (2016), Rule 39(d), https://www.adr.org/media/tcpbpzhy/employment-arbitration-rules-and-mediation-procedures-january-1-2016.pdf).) So, CCFI ignores that the AAA rule says nothing about administrative

agency monetary remedies, which would not be part of the "court" proceedings contemplated by the AAA rule. Thus, Ms. Lovette may not have access to identical monetary remedies in arbitration as she would in administrative agency proceedings. And, as the California Supreme Court has reasoned:

> But where [] a particular class has been legislatively afforded specific protections in order to mitigate the risks and costs of pursuing certain types of claims, and to the extent those protections do not interfere with fundamental attributes of arbitration, an arbitration agreement requiring a party to forgo those protections may properly be understood not only to substitute one dispute resolution forum for another, but also to compel the loss of a benefit. The benefit lost is not dispositive but may be one factor in an unconscionability analysis.

*Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1152 (2013). Here, by restricting the administrative remedies available to employees but not the employer, the waiver provision unilaterally "compel[s] the loss of a benefit."

Moreover, the Settlement by Arbitration Agreement seems to leave some claims with *no* monetary remedy. On one hand, the Settlement by Arbitration Agreement explicitly carves out claims "filed with the National Labor Relations Board, Equal Employment Opportunity Commission, or similar government agency." (Dkt. No. 59-3 ¶ 9(b) at 6.) On the other hand, once those arbitration-exempt claims are brought with the relevant agency, the "Employee shall not be entitled to receive any monetary compensation as a result of any proceeding . . . ." (*Id.*) As a result, the Settlement by Arbitration Agreement channels some claims to administrative hearings, thereby suggesting those claims are not subject to arbitration, but then prohibits any monetary relief from issuing from those proceedings.

So, this provision introduces some substantive unconscionability into the Employment Agreement.

**C. Attorney's Fees**

Finally, Ms. Lovette urges the Settlement by Arbitration Agreement is substantively unconscionable because it does not require the arbitrator to award attorney's fees and costs to a prevailing plaintiff as would be required in a court proceeding. (Dkt. No. 66 at 24-25.) Not so. The governing AAA rules provide "[t]he arbitrator may grant any remedy or relief that would

United States District Court
Northern District of California

have been available to the parties had the matter been heard in court including awards of attorneys' fees and costs, in accordance with applicable law." AM. ARB. ASS'N., EMP. ARB. RULES & MEDIATION PROCS. 21 (2016), Rule 39(d). Ms. Lovette does not cite any authority to support her assertion the provision is substantively unconscionable because it uses permissive language—"may grant"—rather than mandatory language. (*See* Dkt. No. 66 at 24-25.) The minimum requirements for a mandatory employee/employer arbitration agreement are that it:

> (1) provides for neutral arbitrators,
> (2) provides for more than minimal discovery,
> (3) requires a written award,
> (4) provides for all of the types of relief that would otherwise be available in court, and
> (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.

*Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 102 (2000). The Settlement by Arbitration Agreement satisfies all of these requirements. (Dkt. No. 59-3 ¶ 9.) And, "[t]o the extent the [] use of the word 'may' creates any ambiguity, [] the Court finds it proper to interpret the sentence in which it is contained to mean that, if an applicable statute or contract contains an attorney's fees provision, such provision applies . . . ." *Kittrell v. USA Debusk LLC*, No. 25-cv-02432-MMC, 2025 WL 3049883, at *8 (N.D. Cal. Oct. 31, 2025).

***

The Settlement by Arbitration Agreement was not a contract of adhesion and Ms. Lovette has not identified any other circumstance that would render it procedurally unconscionable. While there may be two provisions with some level of substantive unconscionability, that is not enough to find the contract unconscionable in its entirety since "[b]oth substantive and procedural unconscionability must be present in order for a court to find a contract unconscionable." *Mohamed*, 848 F.3d at 1210; *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, at 125 (2019) (same). Under these circumstances, in which there was no procedural unconscionability, Ms. Lovette has not met her burden of proving the Settlement by Arbitration Agreement is sufficiently unfair and therefore unenforceable. *See Ronderos*, 114 F.4th at 1089.

## III. SEVERANCE

"If a contractual clause is found unconscionable, the court may, in its discretion, choose to" either "sever any unconscionable clause" or "limit the application of any clause to avoid unconscionable results." *Ramirez v. Charter Commc'ns., Inc.*, 16 Cal. 5th 478, 513 (2024). "Accordingly, courts may liberally sever any unconscionable portion of a contract and enforce the rest when: the illegality is collateral to the contract's main purpose; it is possible to cure the illegality by means of severance; *and* enforcing the balance of the contract would be in the interests of justice." *Id.* at 517. Those conditions are met here, and severance is warranted for both the non-mutual permanent injunction provision and the agency monetary compensation provision. Severance of the two provisions also accords with CCFI's stated preference in dealing with improper provisions. (Dkt. No. 68 at 17 ("To the extent that the Court finds the [injunction] carve out improper, it can be severed."); *id.* ("If the Court nonetheless finds that the agency-monetary-recovery restriction to be objectionable . . ., it would constitute a single discrete provision that is collateral to the [Agreement's] core purpose and easily severable under the [Agreement's] severability clause.").)

So, the Court severs Paragraph 8 and the third sentence of Paragraph 9(b) from the Employment Agreement but otherwise finds the agreement enforceable.

## IV. OTHER ISSUES

Ms. Lovette asks the Court to deny CCFI's motion to compel arbitration because the motion itself contains repeated citations to cases that, while real, do not support the propositions cases are cited for. (Dkt. No. 66 at 10-12.) Upon receipt of Ms. Lovette's brief, CCFI filed an errata withdrawing all the case cites. (Dkt. No. 67.)

The Court declines to deny CCFI's motion on this basis. Ms. Lovette herself, or, more precisely, her counsel, failed to timely file an opposition to the motion to compel opposition and did not even seek an extension from the Court to do so until CCFI filed its reply noting no opposition had been filed. (Dkt. Nos. 60, 62.) The Court granted the extension. (Dkt. No. 64.)

Here is what should have happened. When the opposition was not timely filed, defense counsel should have contacted plaintiff's counsel to alert him to the missed filing and then agree

United States District Court
Northern District of California

to an extension. At a minimum, when plaintiff's counsel first asked for an extension after realizing the deadline was missed, defense counsel should have agreed rather than proceeding with filing a reply. And, similarly, when plaintiff's counsel realized many cases in the motion to compel were cited improperly, counsel should have notified defense counsel before filing the opposition brief. By showing opposing counsel some grace, the practice of law will be more enjoyable, and the courts not unnecessarily burdened. The Court expects counsel will conduct themselves accordingly in the future.

## CONCLUSION

Having found the parties entered into the Settlement by Arbitration Agreement, and that Ms. Lovette has not shown the Agreement is unconscionable such that it should not be enforced, CFFI's motion to compel arbitration is GRANTED. And, at CCFI's request, the case is STAYED pending arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The parties shall file an update on the arbitration status on or before November 1, 2027.

This Order disposes of Docket Nos. 59, 67.

**IT IS SO ORDERED.**

Dated: November 16, 2026

JACQUELINE SCOTT CORLEY
United States District Judge